## SCHULDER v. ELLIS.

No. 4192.   Decided January 5, 1925.   (243 P. 391.)

ATTORNEY AND CLIENT—PLAINTIFF NOT ENTITLED TO PARTICIPATE IN RETAINERS RECEIVED AFTER DISSOLUTION OF PARTNERSHIP. Under agreement for dissolution of indeterminate law partnership and division of fees as to "pending business," plaintiff held not entitled to participate in monthly, quarterly and semi-annual retainers received by defendant, after dissolution where clients paying retainers elected to retain defendant.

Corpus Juris-Cyc. References.
[1]  Attorney and Client, 6 C. J. p. 629 n. 29 New:   Partnership, 30 Cyc. p. 418 n. 50.

Appeal from District Court, Third District, Salt Lake County; *A. R. Barnes,* Judge.

Suit by Russell G. Schulder against Adrian C. Ellis. From the judgment, plaintiff appeals.

AFFIRMED.

*M. E. Wilson,* of Salt Lake City, for appellant.

*Dey, Hoppaugh & Mark,* of Salt Lake City, for respondent.

GIDEON, J.

This is an action for an accounting of the affairs of a partnership heretofore existing between plaintiff and defendant. The partnership was formed for the general practice of law under the firm name of Ellis & Schulder. The facts leading up to the formation and dissolution of the partnership will be found stated in the opinion of this court in *Schulder* v. *Dickson et al.,* 66 Utah ——, 243 P. 377.

It appears that either in the month of November or December, 1916, the parties to this action entered into a part-

nership agreement for the general practice of law in Salt Lake City under the firm name of Ellis & Schulder. That relation continued until June 9, 1917, at which time the partnership ceased by reason of the fact that the defendant refused to further or longer continue such relationship. On that date plaintiff Schulder was advised by defendant Ellis that he (Schulder) would receive from the business his pro rata share under the partnership agreement of all retainers to July 1, 1917, and his pro rata share of all fees for unfinished or pending business of the firm. At the hearing it was admitted on the part of the defendant that there were certain amounts due plaintiff for fees which had been received for business pending on July 1, 1917. The court found that plaintiff was entitled to his pro rata share in one additional fee.

The court found against plaintiff on the remaining items to which he claimed to be entitled to his share under the partnership agreement. The testimony is such that this court ought not to disturb the trial court's findings. In fact, the great weight of the testimony supports the findings made by the court.

It is, however, strenuously insisted that inasmuch as the firm was in receipt of retainers paid monthly, quarterly, and semiannually in excess of $1,000 per month, plaintiff should be permitted to participate in those retainers after the dissolution of the partnership. The testimony is without dispute that either on June 9, 1917, or on some subsequent date, the defendant stated to plaintiff that he (plaintiff) was at liberty to take whatever retainers he could get as well as any other business or clients whose business was entrusted to the firm, and he (the defendant) would do likewise. By the terms of the partnership arrangement no fixed or definite time during which the partnership should exist was provided. Therefore either party was at liberty to terminate the partnership at any time. Necessarily, when a firm of lawyers dissolves, the business will go either to the member of the firm the clients select, or to other attorneys of the clients' own choosing. In the nature of things lawyers cannot sell or transfer their interests in their clients' business as men sell their interests in

other property. Lawyers are employed by reason of their known skill or ability and experience in the practice of either general or particular lines of litigation. When the firm of Ellis & Schulder dissolved it was not within the power of either Ellis or Schulder to say, "I will take this client and you will take this one," or to arbitrarily determine what should be done with the business of their clients. That power belonged to, and necessarily was left with, the clients. The retainers, as found by the court, were paid monthly, quarterly, or semiannually. The fact that the clients paying those retainers elected to retain Mr. Ellis is not a matter of which plaintiff has a right to complain or to be compensated for.

There is no error in the record. The judgment is accordingly affirmed, with costs.

WEBER, C. J., and FRICK and CHERRY, JJ., and McCREA, District Judge, concur.

THURMAN, J., did not participate herein.